The opinion of the court was delivered by
Gibson, J.
If the landlord’s application had been in time, we should entertain no doubt that there had been a breach of the condition of the bond. The sheriff had levied, and we may presume, on sufficient to produce satisfaction not only of the*exeeution, but also of the rent; and it is a fair construction of the agreement to say, that in consideration of releasing the property from the levy, the defendants below were to put him in a situation equally advantageous, by delivering him property equally productive: and whilst he remained subject to any responsibility which arose out of the levy they were bound to keep him clear. The question then is, did they, as circumstances turned out, keep him clear. The act of the 21st of March, 1772, directs that chattels levied in execution shall be subject to payment of a year’s rent for the premises on which they shall be seized; “ and that the sheriff shall after the sale of the said goods, pay to the landlord or other person empowered to receive the same, siich rent so due, and apply the overplus thereof if any, towards satisfying the debt and costs on such execution mentioned.” Now it is a part of the case, that notice of his claim was not given by the landlord till lo>--g after the time when the execution was returnable; and he had tbere *298 fore undoubtedly lost his preference. It is the business of a sheriff who is acting without notice of any other demand which he may be bound to satisfy, to levy no more than is sufficient to satisfy all demands already in his hand; and although I will not at present say he ought to have notice of a landlord’s claim in time to enable him to extend his levy, yet if the landlord lie by till after the return of the execution he will undoubtedly be postponed. The existence of his demand is a matter peculiarly within his own knowledge, and he is therefore bound to give notice of it in time to produce as little delay to the execution creditor as possible. But, to say nothing of the delay, it would be attended with extreme hardship, if not injustice, to permit him to disclose his demand for the first time after the execution is returned, and the remaining property of the debtor has perhaps been attached by other executions; and thus enable him to intercept thf money in its passage from the hands of the sheriff to rhe pocket of the execution creditor. A second execution would probably produce nn beneficial result, as landlords seldom claim a preference where there is not a scramble among the creditors. In this case, then, when the landlord claimed to have a part of the money applied to the extinguishment of the rent, he had lost his preference; and the defendants had consequently performed the condition of their bond by delivering property sufficient to satisfy the execution and save the plaintiff harmless. The proceeds of it were, however, wrested from the plaintiff by order of the court. Bui what is that to the defendants, who had covenanted to indemnify him only against legal resposibility, and not against the consequences of an erroneous opinion of the court. They are third persons, and not to be prejudiced by acts which can operate only on him who is the immediate subject of them. At the return of the execution, they had performed their covenant by protecting the plaintiff frqpi the lawful demands of all persons, till all danger from lawful demands had passed away; and cannot now be held answerable for a manifest error of the court in a proceeding to which they were not a party; much less be concluded from contesting the only fact that could warrant the act of the court — notice to the plaintiff in time to render the landlord’s claim available. It was the plaintiff’s business to make out to the satisfaction of the court, what is now conceded to be the truth of the case, that he had not received such notice; and if he failed to do so, he, and not the defendants, must take the consequences. It is the opinion of this court, therefore, that the court below did not err in directing the money which was paid over to jthe landlord, to be deducted.
Judgment affirmed-.